**CHDB Law LLP**
Attorneys at Law
1400 E. Southern Avenue, Suite 400
Tempe, Arizona 85282
**t** 480.427.2800 | **f** 480.427.2801
Edith I. Rudder SBN 020650
Chad P. Miesen SBN 024910
eadie.rudder@chdblaw.com
bknotice@chdblaw.com
BLUEHORIZ.0139

Attorneys for Creditor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Tarika Nicole Hayes and Joshua Daveon Hayes,<br><br>　　　　　　　　　　Debtor(s). | Case No. 2:24-bk-05041-PS<br><br>Chapter 13<br><br>**OBJECTION TO PLAN CONFIRMATION** |

Secured Creditor, Blue Horizons Community Association hereby renews its Objection to Plan Confirmation, originally filed on August 14, 2024 (Doc. 19) for the Original Plan, to cover the Amended Plan filed by Debtors on September 23, 2024 (Doc. 23).

In their plan, Debtors list the Association in the incorrect classification; i.e., the Association is listed in Section C(5)(b) as Claims Secured by Personal Property or a Combination of Real and Personal Property under Modified Secured Claims. Debtor lists a secured claim for zero with zero interest. However, the Association's common expense lien is secured solely by real property and should be listed under C(4)(c). At present, Debtors

owe $3,789.86 in pre-petition debt with post-petition debt owed at $408.00. The correct interest rate is 12% per annum.

Debtors have addressed payment of the post-petition payments pursuant to the bankruptcy requirements under *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633 (9th Cir. 2018); however, since Debtors have improperly classified the Association's secured lien in Section C(5)(b), the proposed non-standard language in Section H is not effective. *See, also,* Bank. L.R. 2084-4. In *Goudelock*, the Ninth Circuit stated:

> The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C §101(12). In turn, 11 U.S.C. §101(5)(A) defines a "claim," (and thus, a debt) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." This definition of a claim is very broad, encompassing all of a debtor's obligations "*no matter how remote or contingent.*" *In re SNTL Corp.*, 571 F.3d 826, 838 (9th Cir. 2009) (quoting *In re Jensen*, 995 F.2d 925, 929 (9th Cir. 1993) ); *see also, e.g.*, *Rosteck*, 899 F.2d at 696; *In re Christian Life Ctr.*, 821 F.2d 1370, 1375 (9th Cir. 1987) (stating that Congress intended to provide "'the broadest possible definition' of claims so that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" (quoting S. Rep. No. 95-989, at 22 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5808)).
>
> Thus, the obligation to pay [condominium association] assessments is a debt since it creates a right to payment. *See* 11 U.S.C. §101(5)(A). The fact that the future assessments may be a contingent and unmatured form of the debt does not alter this analysis. *See, e.g.*, *id.*; *SNTL Corp.*, 571 F.3d at 838.

*Goudelock*, 895 F.3d at 637-38.

The Association's common expense lien is secured solely by real property and thus, must be addressed in the Plan pursuant to Section C(4)(a), (b) or (c). The Association contends that *Goudelock* and Rule 2084-4 require that the common expense lien

(consensual pursuant to Article 6, Section 6.1, 6.11 of the Declaration of Covenants, Conditions, and Restrictions for Blue Horizons recorded at Instrument No. 2005-1188035 in the Office of the Maricopa County Recorder and A.R.S. §33-1807) should be treated, at least administratively, in the same manner as a mortgage. The only difference is that the amount of the debt is not fixed. Thus, because Debtors owe pre-petition arrearage to the Association, it should be listed in Section C(4)(c) and all post-petition payments must be made through the Plan. The Association retains its lien against the Property per the Declaration. The Association will be filing an amended Proof of Claim to address the post-petition payments. Finally, the Plan does not address the Association's right to interest of twelve percent (12%) per annum.

The Association files this objection to preserve this issue while the parties negotiate the terms of the Stipulated Order of Confirmation. The Association respectfully requests that it receive the Plan payments and required post-petition common expense payments through the Plan in the normal course. In the alternative, Debtors must re-classify the Association's lien. Once Debtors properly classify its lien, the Association will accept the following as non-standard provision in Section H of the Plan:

> Blue Horizons Community Association, secured by a statutory lien in the Debtors' residence, shall be paid the prepetition arrearage of $3,789.86 with 12% interest. Debtors will make regular post-petition payments directly to the Association. Blue Horizons Community Association shall retain its lien regarding the pre-petition arrears until the entire pre-petition arrears have been paid through this Plan. The Court specifically authorizes Blue Horizons Community Association to provide statements and payment instructions for post-petition assessments and other post-petition amounts owed directly to the Debtors.

The Association files this objection to preserve this issue while the parties negotiate the terms of the Stipulated Order of Confirmation.

DATED this 21st day of October, 2024

**CHDB LAW LLP**

By: _____
        Edith I. Rudder
        1400 E. Southern Ave., Suite 400
        Tempe, Arizona 85282
        Phone: (480) 427-2800
        bknotice@chdblaw.com
        Eadie.Rudder@chdblaw.com

COPY of the foregoing mailed
this 21st day of October, 2024, to:

Tarika Nicole Hayes
Joshua Daveon Hayes
230 N. 198th Dr.
Buckeye, AZ 85326
*Debtor(s)*

Thomas Adams McAvity
c/o Phoenix Fresh Start Bankruptcy Attorneys
4131 Main Street
Skokie, IL 60076
*Attorney for Debtor(s)*

Russell Brown
3838 N. Central Avenue
Suite 800
Phoenix, AZ 85012
*Trustee*

*/s/ Carolina Murphey*

4
Case 2:24-bk-05041-PS   Doc 26   Filed 10/21/24   Entered 10/21/24 17:32:54   Desc
Main Document    Page 4 of 4